UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTIN KERKER, | ECF CASE |
| Plaintiff, | No.:_____ |
| v. | COMPLAINT |
| BMDC CONSTRUCTION LIMITED, BMDC CONSTRUCTION I LLC, and BEN MULLEN, Jointly and Severally, | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff Justin Kerker, by and through his attorneys Lipsky Lowe LLP, alleges and asserts the following facts and claims:

## NATURE OF THE ACTION

1. Plaintiff Justin Kerker worked for Defendants BMDC Construction Limited, BMDC Construction I LLC (together "Corporate Defendants"), and Ben Mullen (together with Corporate Defendants, "Defendants") as Chief Compliance Officer and Controller from August 5, 2019 until March 1, 2020.

2. Plaintiff Kerker asserts Defendants willfully violated the Fair Labor Standards Act by (i) failing to pay the minimum wage and (ii) failing to reimburse for all job-related expenses.

3. Plaintiff Kerker asserts Defendants willfully violated the New York Labor Law by (i) failing to pay the minimum wage, (ii) failing to pay for all hours worked, (iii) failing to reimburse for all job-related expenses and (iv) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3.

4. Plaintiff Kerker further asserts a claim for breach of contract under New York common law against Defendants.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331, and 1337, supplemental jurisdiction over the Labor Law claims under 28 U.S.C. § 1367, and jurisdiction over the FLSA claims under 29 U.S.C. § 216(b).

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and (2).

7. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8. Plaintiff Kerker was, at all relevant times, an adult individual residing in Westchester, New York.

9. Defendant BMDC Construction Limited is a corporation, organized and existing under the laws of the State of New York with its principal place of business at 417 Fifth Avenue, 8th Floor, New York, New York 10016.

10. Defendant BMDC Construction Limited is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant BMDC Construction Limited is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and services include construction equipment, construction materials, and tools.

11. Defendant BMDC Construction Limited had control over Plaintiff Kerker's working conditions and over the unlawful policies and practices detailed in this Complaint.

12. Defendant BMDC Construction Limited is a covered employer within the meaning

of the FLSA and the Labor Law and, at all relevant times, employed Plaintiff Kerker.

13. Defendant BMDC Construction Limited, either directly or indirectly, has hired and fired Plaintiff Kerker and controlled his work schedule and employment conditions, determined his payment rate and method, and kept at least some records regarding his employment.

14. Defendant BMDC Construction I LLC is a corporation, organized and existing under the laws of the State of New York with its principal place of business at 417 Fifth Avenue, 8th Floor, New York, New York 10016.

15. Defendant BMDC Construction I LLC is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant BMDC Construction I LLC is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and services include construction equipment, construction materials, and tools.

16. Defendant BMDC Construction I LLC had control over Plaintiff Kerker's working conditions and over the unlawful policies and practices detailed in this Complaint.

17. Defendant BMDC Construction I LLC is a covered employer within the meaning of the FLSA and the Labor Law and, at all relevant times, employed Plaintiff Kerker.

18. Defendant BMDC Construction I LLC, either directly or indirectly, has hired and fired Plaintiff Kerker and controlled his work schedule and employment conditions, determined his payment rate and method, and kept at least some records regarding his employment.

19. Defendant Mullen owns, operates, and controls the Corporate Defendants' day-to-day operations and management and jointly employed Plaintiff Kerker at all relevant times.

20. Defendant Mullen either directly or indirectly, has hired and fired Plaintiff Kerker and controlled his work schedule and employment conditions, determined his payment rate and method, and kept at least some records regarding his employment.

21. Defendant Mullen was the lead member of the team that interviewed Plaintiff Kerker.

22. Defendant Mullen communicated with Plaintiff Kerker regarding the terms of the offer letter, and ultimately hired Plaintiff Kerker.

23. Defendant Mullen was present at the office almost every day during the entirety of Plaintiff Kerker's employment.

24. Defendant Mullen was Plaintiff Kerker's direct supervisor, and was responsible for assigning Plaintiff Kerker all work assignments.

25. Defendant Mullen had the authority to, and frequently did, edit, revise, and approve all of Plaintiff Kerker's work.

26. Defendant Mullen was the point of contact for all issues regarding Plaintiff Kerker's compensation.

STATEMENT OF FACTS

27. Corporate Defendants are commercial construction companies located at 417 Fifth Avenue, 8th Floor, New York, New York 10016.

Unpaid Wages, Unpaid Reimbursements, and Breach of Contract[1]

28. Defendants employed Plaintiff Kerker as a Chief Compliance Officer and Controller, from August 5, 2019 until March 1, 2020.

29. As a Chief Compliance Officer and Controller, Plaintiff Kerker was responsible for

---

[1] These headers are included only for organizational purposes.

the following tasks: creating compliance manuals; ensuring subcontractors had appropriate documentation including waivers, invoices, etc.; creating budgets, financial projections and non-disclosure agreements for potential acquisition targets; and other miscellaneous duties as required.

30. Plaintiff Kerker received an offer of employment from Defendants on July 22, 2019 and began working for Defendants on August 5, 2019.

31. The July 22, 2019 offer of employment constitutes a valid contract.

32. The offer letter states that Defendants would pay Plaintiff Kerker a yearly salary of $175,000.00, pay him a yearly bonus, reimburse various expenses, and provide him with a cell phone and a laptop.

33. Defendants informed Plaintiff Kerker at the time of his hiring that he would be paid his salary bi-weekly.

34. Defendants failed to pay Plaintiff Kerker for every hour that he worked.

35. Throughout Plaintiff Kerker's employment with Defendants, he received only three payments of wages: $1,750.00 on October 11, 2019; $5,000.00 on October 25, 2019; and $9,000.00 on January 14, 2020, totaling $15,750.00.

36. For the period of Plaintiff Kerker's employment by Defendants, he was owed approximately $100,961.54 in salaried wages.

37. The difference between Plaintiff Kerker's owed salary and the wages he actually received from Defendants results in an underpayment of $85,211.54.

38. Defendants also failed to reimburse Plaintiff Kerker for his work-related expenses, as agreed upon in his offer of employment. These work-related expenses include: monthly MTA Metro-North ticket, agreed upon portion of Plaintiff Kerker's personal cellphone bill as he used this phone for work, and fees related to notary exam, application, and stamp, totaling

approximately $3,231.53 in expenses.

39. Defendant Mullen frequently acknowledged that Plaintiff Kerker was owed significant amounts in salary, and assured him that the wages would be paid in full.

40. To date, Defendants have not made any payment of wages to Plaintiff Kerker beyond the three payments described in Paragraph 36.

41. Defendants failed to pay Plaintiff Kerker the federal and state minimum wage because they failed to pay him any wages for the vast majority of employment.

42. By not paying Plaintiff Kerker any wages for the vast majority of his employment, Defendants failed to pay him his regular salaried rate, as well as the federal and state minimum wage.

<u>Failure to Provide Wage Statements</u>

43. Any payments of wages provided by Defendants to Plaintiff Kerker were made via wire transfer.

44. Defendants did not provide Plaintiff Kerker with an accurate wage statement with each payment of wages as required by N.Y. Lab. Law § 195.3.

Breach of Settlement Agreement

45. On August 20, 2021, Plaintiff's Counsel contacted Defendants indicating Plaintiff Kerker's intent to file a lawsuit containing the aforementioned causes of action.

46. Shortly thereafter, the parties began settlement negotiations to resolve all the anticipated claims to be brought by Plaintiff Kerker.

47. On September 10, 2021, the parties confirmed via various email communications that there was an agreement on the settlement amount and the date by which it would be paid. The agreement reached was a settlement amount of $100,000.00 to be paid by November 15, 2021.

48. Critically, Plaintiff's counsel wrote to Defendants "So we have a deal that you will pay $100,000 [by] 11/15. Correct?" to which Defendants replied "Correct."

49. Ultimately, the parties reached an agreement on the amount of the settlement payment, when the payment would be made, and how the payment was to be made, among other material terms.

50. The parties solidified their understanding in a formal written settlement agreement.

51. Plaintiff's counsel drafted the settlement agreement, requesting and receiving specific information from Defendant Mullen throughout the drafting process.

52. Defendant Mullen provided his preferred contact information to include in the settlement agreement, as well as his preferred tax breakdown for the settlement payment.

53. On October 15, 2021, the parties confirmed the last of the outstanding terms for the written settlement agreement. Defendants, when providing this information asked, "Is this all the missing information you are waiting on?" Plaintiff's counsel then responded, "Yes. That is the last piece, which we will incorporate into the agreement and email you later today for your signature."

54. Defendant Mullen indicated on numerous occasions, on behalf of all Defendants, their intent to be bound by the settlement agreement and its terms in lieu of Plaintiff Kerker filing his anticipated lawsuit.

55. On October 15, 2021, Plaintiff Kerker provided Defendants his signed version of the settlement agreement, along with the necessary tax forms to effectuate counter-execution and payment.

56. Shortly thereafter, Defendants retained counsel who communicated that Defendants signatures on the settlement agreement was forthcoming.

57. On October 22, 2021, Plaintiff's counsel emailed Defense counsel, requesting the

status of Defendants' signatures on the Settlement Agreement. Defense counsel responded in pertinent part, "I informed my client so I anticipate receiving the signed agreement as per our conversation today."

58. To date, Defendants have refused to sign the settlement agreement, or otherwise communicate their intent to immediately execute the settlement agreement.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY THE MINIMUM WAGE UNDER THE FLSA

59. Plaintiff Kerker realleges every preceding allegation as if set forth fully herein.

60. Defendants employed Plaintiff Kerker within the meaning of the FLSA.

61. As an "employer" under the FLSA, Mullen is personally liable under this statute.

62. Defendants knowingly failed to pay Plaintiff Kerker the minimum wages to which he was entitled under the FLSA.

63. Defendants were required to pay Plaintiff Kerker the full minimum wage rate for all hours worked.

64. Defendants failed to pay Plaintiff Kerker at the minimum wage because they failed to pay him for all hours worked, resulting in a wage rate of $0.00 for those hours worked.

65. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies under 29 U.S.C. § 255.

66. As a result of Defendants' FLSA violations, Plaintiff Kerker has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY THE MINIMUM WAGE
## UNDER THE NEW YORK LABOR LAW

67. Plaintiff Kerker realleges every preceding allegation as if set forth fully herein.

68. Defendants are employers under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff Kerker.

69. As an "employer" under the Labor Law, Mullen is personally liable under this statute.

70. The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff Kerker.

71. Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff Kerker the statutory minimum wage.

72. Upon information and belief, Defendants failed to post, in a conspicuous place upon its premises a notice issued by the New York State Department of Labor summarizing minimum wage provisions, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. §§ 137-2.3, *et seq*.

73. Defendants paid Plaintiff Kerker below the statutory minimum wage.

74. Defendants failed to pay Plaintiff Kerker at the minimum wage because they failed to pay him for all of his hours worked.

75. Defendants have willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Kerker the minimum wage.

76. Due to Defendants' Labor Law Violations, Plaintiff Kerker is entitled to recover from Defendants his unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

## THIRD CAUSE OF ACTION
## FAILURE TO PAY REGULAR RATE OF PAY
## UNDER THE NEW YORK LABOR LAW

77. Plaintiff Kerker realleges every preceding allegation as if set forth fully herein.

78. Defendants failed to pay Plaintiff Kerker at his regular rate of pay for every hour of work. 12 N.Y.C.R.R. §§ 146-3.5 (a).

79. During his employment, Defendants failed to pay Plaintiff Kerker at his Regular Rate for *all* the hours that he worked.

80. Due to Defendants' Labor Law Violations, Plaintiff Kerker is entitled to recover from Defendants his unpaid wages at his Regular Rate, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

## FOURTH CAUSE OF ACTION
## FAILURE TO REIMBUSE EXPENSES UNDER THE FLSA

81. Plaintiff Kerker realleges every preceding allegation as if set forth fully herein.

82. Defendants have required Plaintiff Kerker to incur work-related expenses, including monthly MTA Metro-North ticket, agreed upon portion of Plaintiff Kerker's personal cellphone bill as he used this phone for work, and fees related to notary exam, application, and stamp.

83. Plaintiff Kerker has necessarily incurred these substantial expenses at the direction of Defendants, as a direct result of performing his job duties for Defendants.

84. Defendants' failure to reimburse Plaintiff Kerker for the expenses he has incurred while employed by Defendants constitutes a violation of 29 U.S.C. § 206(a) and 29 C.F.R. § 531.35.

85. Defendants' failure to reimburse Plaintiff Kerker was willful within the meaning of 29 U.S.C. § 206(a) and 29 C.F.R. § 531.25.

86. By failing to reimburse Plaintiff Kerker for all of his work-related expenses, Defendants have caused his net wages to fall below the federal minimum wage.

87. Due to Defendants' violations, Plaintiff Kerker is entitled to recover from Defendants all expenses that were not reimbursed, together with liquidated damages attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
## FAILURE TO REIMBURSE UNDER THE NEW YORK LABOR LAW

88. Plaintiff Kerker realleges every preceding allegation as if set forth fully herein.

89. Defendants have failed to reimburse Plaintiff Kerker for the cost of his work-related expenses, including monthly MTA Metro-North ticket, agreed upon portion of Plaintiff Kerker's personal cellphone bill as he used this phone for work, and fees related to notary exam, application, and stamp.

90. Plaintiff Kerker has necessarily incurred these substantial expenses at the direction of Defendants, as a direct result of performing his job duties for Defendants.

91. Defendants' failure to reimburse Plaintiff Kerker for the expenses they have incurred while employed by Defendants constitutes a violation of N.Y. Lab. Law §§ 193 and 198-(b)(2).

92. By failing to reimburse Plaintiff Kerker for all of his work-related expenses, Defendants have caused his net wages to fall below New York's statutory minimum wage.

93. Due to Defendants' Labor Law violations, Plaintiff Kerker is entitled to recover from Defendants all expenses that were not reimbursed, together with liquidated damages attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE 195.3 WAGE STATEMENT UNDER THE NEW YORK LABOR LAW

94. Plaintiff Kerker realleges every preceding allegation as if set forth fully herein.

95. Defendants willfully failed to supply Plaintiff Kerker with an accurate wage statement with each payment of wages, violating N.Y. Lab Law § 195.3.

96. Due to Defendants' violations of N.Y. Lab Law § 195.3, Plaintiff Kerker is entitled to recover from Defendants $250.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab Law § 198(1)-d (2016).

## SEVENTH CAUSE OF ACTION
### BREACH OF CONTRACT UNDER NEW YORK COMMON LAW

97. Plaintiff Kerker realleges every preceding allegation as if set forth fully herein.

98. Plaintiff Kerker entered into a valid binding agreement by way of his offer of employment with Defendants to provide services as Chief Compliance Officer, Controller.

99. Plaintiff Kerker performed his duties and responsibilities pursuant to his offer of employment, and all of the conditions required to be performed were completed.

100. Defendants were obligated to pay Plaintiff Kerker his salary for the services he provided.

101. Defendants breached the contract and the implied covenant of good faith and fair dealing by failing to pay Plaintiff Kerker his earned salary pursuant to his offer of employment.

102. Plaintiff Kerker also entered into a valid binding settlement agreement with Defendants to settle all claims in the anticipated lawsuit.

103. The formation of a contract requires offer, acceptance, consideration, mutual assent, and intent to be bound. *See Hostcentric Techs., Inc. v. Republic Thunderbolt, LLC,* 2005

U.S. Dist. LEXIS 11130 at *13-14 (S.D.N.Y. June 9, 2005).

104. Plaintiff Kerker and Defendants agreed upon all essential terms of the settlement, reducing them to writing in the September 10, 2021 email communications and subsequent October 15, 2021 settlement agreement.

105. Defendants are bound by the terms of the settlement agreement. *See Id.* at 17 (agreeing that a preliminary agreement is binding, and is preliminary only in form, when the parties reach a complete agreement on all issues that require negotiation).

106. Defendants have breached the settlement agreement by failing to timely sign it and to pay Plaintiff Kerker the negotiated settlement amount.

107. Defendants' breaches have financially damaged Plaintiff Kerker.

108. Defendants are liable to Plaintiff Kerker for his damages, prejudgment interest, and other relief the Court affords.

109. Causes of Action One through Six are being pled in the alternative, should the Court hold that the settlement agreement is not valid and enforceable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kerker respectfully requests this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. Declaring Defendant Mullen to be personally liable for all damages;

d. An award for unpaid minimum wages under the Labor Law and the FLSA;

e. An award for unpaid wages at Plaintiff Kerker's Regular Rate under the Labor Law;

f. An award for work-related expenses under the FLSA and Labor Law;

g. An award for failing to provide the N.Y. Lab. Law § 195.3 Statements;

h. An award for breach of contract and implied covenant of good faith and fair dealing;

i. An award of liquidated damages as a result of Defendant's Labor Law violations;

j. An award of liquidated damages as a result of Defendant's willful FLSA violations;

k. An award of pre-judgment and post-judgment interest;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Kerker demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
November 9, 2021

LIPSKY LOWE LLP

s/ Douglas B. Lipsky
Douglas B. Lipsky
Alfons D'Auria
420 Lexington Avenue, Suite 1830
New York, New York 10170-1830
212.392.4772
doug@lipskylowe.com
alfons@lipskylowe.com